Lessee of MARY LOWBER, n. *vs.* DOE and CÆSAR BEAUCHAMP, n.

The Orphans' Court, acting *in rem*, is one of peculiar and exclusive jurisdiction, and every one has a right to become a party to its proceedings.

On the petition of a widow for an assignment of dower against the heirs, the Orphans' Court refused to let a third person object to the assignment of dower, and this court held that his rights were not affected by that proceeding, and that the record was not evidence against him.

EJECTMENT. The case stated, was—

That Mary Lowber, the plaintiff, was, in the lifetime of a certain Jonathan Lowber, now deceased, his wife, and is now his widow. That the said Jonathan Lowber died about the        day of 1833. That during the coverture of the said Mary Lowber, the said Jonathan Lowber was seised in his demesne as of fee, and was the owner and possessor of the lands and premises sought to be recovered in this action. That before the death of the said Jonathan Lowber, to wit, on the second day of March, 1831, he made and executed an indenture purporting to be a deed of bargain and sale from Jonathan Lowber and Mary his wife, (but signed and sealed, and delivered and duly acknowledged by the said Jonathan Lowber only, prout the record of the same,) to Cæsar Beauchamp, the defendant in this action for the lands and premises aforesaid. That after the death of the said Jonathan Lowber, to wit, at the October term, 1834, of the Orphans' Court for Kent county, the said Mary Lowber preferred her petition to the Orphans' Court, praying to have her dower in the lands and premises, which belonged and was

possessed by the said Jonathan Lowber during her coverture, laid off and assigned to her; which said petition was heard, and the prayer thereof granted; and in pursuance thereof her dower was laid off and assigned, and the assignment thereof confirmed by the said Orphans' Court at the September term, 1835, thereafter, and that the lands and premises sought to be recovered in this action were and are a part of said dower so assigned and confirmed as aforesaid. That the said Cæsar Beauchamp, by his attorney, appeared in the Orphans' Court, and offered to contest the confirmation of the said dower, as a purchaser of part of the same as aforesaid; but the said Orphans' Court refused to hear him, inasmuch as it did not appear that he was a party to the proceedings instituted and carried on in the said court for the assignment of dower as aforesaid, those proceedings having reference to the heirs at law of the said Jonathan Lowber. And it was admitted that the said Cæsar Beauchamp was not a party to said proceedings in the said Orphans' Court in the said assignment of dower.

It was contended by

*Huffington,* for the plaintiff, that the decree of the Orphans' Court was final until appealed from against all the world, being a proceeding *in rem;* and that the dowress entered into the land assigned to her by the Orphans' Court, not only as against the heirs of Jonathan Lowber, the intestate, but as against all persons whatever.

*Bates* and *Frame,* contra, admitting that the decision of the Orphans' Court was conclusive as to all the rights it professed to pass upon, contended, that as this defendant was no party to that proceeding, and the court would not permit him to become a party, his rights could not be concluded by that decision. The record shows that the Orphans' Court refused to pass judgment on his rights, or allow him there to controvert the plaintiff's claim of dower, regarding that as a proceeding solely between the widow and heirs at law.

*By the Court:*

The Orphans' Court, acting *in rem,* is one of peculiar and exclusive jurisdiction, and every one has a right to become a party to its proceedings. (*a*) This defendant being excluded from becoming a party, the reason fails, and his rights are not to be bound by a de-

(*a*) NOTE.—The petition of Mary Lowber to the Orphans' Court for the assignment of dower, set forth that Jonathan Lowber died intestate, being *seised* of the land here in controversy; that he left a widow, the petitioner, and three children, to whom said lands descended subject to dower; and prayed the assignment of dower. On the coming in of the return, John Lewis and Cæsar Beauchamp filed objections to its confirmation, stating

cision to which he was neither a party nor privy. The record is no evidence against him, and the plaintiff cannot recover, claiming, as she does, under that record.

Judgment for defendant.

*Huffington*, for plaintiff.
*Bates* and *Frame*, for defendant.

—•>>)●&6«<•—

themselves to be purchasers at sheriff's sale, on execution process against Jonathan Lowber, of the land out of which dower was assigned.

But the court said that this proceeding by petition under the intestate law, was a proceeding against the heir; that the petition did not set out that any other persons were interested in the matter, nor seek to make them parties; that not being parties they were not affected by these proceedings; and that it would be safer to act only on the rights presented by the petition. In all cases where the husband dies out of possession, the practice of the court requires a citation to purchasers or others in order to make them parties; but in proceedings against the heir third persons are not affected, and are not entitled to object. If they have the right to object, they are *bound* to do it, and the decree of the court binds them whether they object or not. And how are they to be notified? The petition does not set out their interest, and the court can order no citation. Are they bound to take notice of the application? It is better to regard the proceeding as affecting only the rights of the parties on the record; the heirs at law, and such others as the petitioner chooses to make parties by setting out their interest and issuing citation. The Orphans' Court, for these reasons, refused to hear the objections of the purchaser, whose interest did not appear by the record, and could not be affected by the proceeding.